# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAUL COOK,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0618** (BOR Appeal No. 2049951)
(Claim No. 2014007212)

**CECIL I. WALKER MACHINERY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Paul Cook, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cecil I. Walker Machinery, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2015, in which the Board affirmed an October 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 19, 2013, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cook, a mechanic for Cecil I. Walker Machinery, alleged that on or around August 30, 2013, he injured his shoulder attempting to move a counterweight. On September 2, 2013, he completed a report of injury. He also reported to Charleston Area Medical Center that day where it was noted that there was no known injury and that he suffered a sudden onset of symptoms. X-rays of the cervical and thoracic spine demonstrated no significant abnormalities. Mr. Cook was examined by Donald Seidler, M.D., who diagnosed radiculitis and degenerative disc disease. On September 3, 2013, Dr. Seidler completed a physician's report stating that Mr. Cook would be able to resume his regular work duties on September 10, 2013.

1

On September 5, 2013, and September 12, 2013, Mr. Cook completed two additional reports of injury. In the reports, he asserted that on August 30, 2013, he woke up with light pain in his right shoulder blade. He stated that the pain increased in the right shoulder and arm while he was removing twelve counterweights at work. On September 19, 2013, the claims administrator denied Mr. Cook's applications for benefits.

On September 30, 2013, Rodney Fox, Mr. Cook's supervisor, authored a statement that indicated Mr. Cook did not follow the company's policy for reporting an accident. The handbook requires that all accidents, whether resulting in a personal injury or not, must be reported to the immediate supervisor within twenty-four hours of occurrence regardless of how minor they may be. Mr. Fox asserted that he was not informed of the injury until September 6, 2013, and as a result, a verbal warning was issued to Mr. Cook.

On February 3, 2014, Mr. Cook testified in a hearing before the Office of Judges. Mr. Cook noted that his position required him to do heavy lifting and a lot of work with his hands and arms. He testified on August 30, 2013, that he was working on a crank shaft that weighed about 1,700 pounds. While working with the thirty to forty pound counterweights associated with this piece of equipment, Mr. Cook felt a sharp pain start in his neck and radiate down the back of his arm. He did not report the injury because he did not, at the time, think it was a serious enough injury. He testified that with his highly physical job, he experiences pains every day; however, most went away without further intervention. He stated that this time his pain intensified through the night, and he eventually sought treatment for his right shoulder on September 2, 2013. Mr. Cook asserted he had actually woken up the morning of August 30, 2013, with tingling in his right shoulder; however, it was not severe enough to prevent him from working. Mr. Cook returned to work on September 5, 2013, though his shoulder was still painful. He worked until September 16, 2013, when he was sent home by his supervisor due to his injury. Mr. Cook returned to light duty work on September 30, 2013. Mr. Cook testified he had not sought any medical treatment of any kind for his right shoulder prior to the injury.

A. E. Landis, M.D. performed a record review on March 6, 2014, and did not find evidence to support an injury to the cervical spine on August 30, 2013. It was noted Mr. Cook awoke with symptoms, went to work, and did his usual job. Dr. Landis opined that this could certainly have aggravated the symptoms related to his cervical disc disease. He opined that the cervical disc disease was a non-work-related factor responsible for the onset and continuation of symptoms. Thereafter, William McDonald, M.D., examined Mr. Cook on March 24, 2014, and diagnosed a cervical sprain and cervicobrachial syndrome.

The Office of Judges affirmed the claims administrator's decision in its October 14, 2014, Order. It determined that Mr. Cook failed to show that his injury occurred in the course of and as a result of his employment. The Office of Judges found that Mr. Cook failed to allege that an isolated fortuitous event occurred until September 12, 2013, which was several days past his alleged injury. The Office of Judges found that Dr. Landis's medical opinion was persuasive. Dr. Landis opined that Mr. Cook's significant disc degeneration at C5-6 was likely the source of his symptoms. Because of the discrepancies in reporting the injury and the clear evidence of a pre-existing condition, the Office of Judges found that Mr. Cook failed to meet his burden of proof.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 20, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Cook has not submitted sufficient credible evidence to show that he was injured in the course of and as a result of his employment. The only medical opinion of record, Dr. Landis's report, found that his symptoms were most likely caused by his degenerative disc disease. There were also some inconsistencies with his reporting of the injury. The injury allegedly occurred at or around August 30, 2013, and he did not allege an isolated occurrence until September 12, 2013. Furthermore, when he was seen at Charleston Area Medical Center he did not report any injury, just a sudden onset of symptoms. He was also diagnosed with degenerative disc disease at that time. Because he did not meet his burden to show that he was injured in the course of and as a result of his employment, it was not in error for the Office of Judges and Board of Review to deny his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II